**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2009
Decided April 17, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2184

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| ENCIO TONEV ENCEV, *Defendant-Appellant.* | No. 06 CR 690-1 |
| | Elaine E. Bucklo, *Judge.* |

## O R D E R

In 2007 Encio Encev pleaded guilty to unlawfully possessing a postal key in violation of 18 U.S.C. § 1704. With that key Encev and his confederates pilfered checks from the mail, altered them, and then deposited them under other names. Given the magnitude of the scheme—and the attendant loss—the district court settled on 92 months as an appropriate sentence. Encev filed a timely notice of appeal, but his appointed counsel has no nonfrivolous arguments to make before this court and has asked to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We invited Encev to comment on the pending motion but received no response, *see* CIR. R. 51(b), which leaves us with only the potential issues flagged

in counsel's facially adequate supporting brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first explores whether Encev might argue that the district court abused its discretion in denying his motion to withdraw his guilty plea.  At the time of his plea Encev knew that the government had seized a hard drive in conjunction with his arrest.  What he did not know, or so he would later argue, is that the hard drive contained scanned images of countless stolen checks.  When the government sought to introduce the contents of the hard drive as evidence of relevant conduct, Encev attempted to retract his plea.  At a hearing, the district court clarified his position:

> THE COURT:  . . . . It sounds like you're saying . . . that he decided to plead guilty not knowing that the government was going to be able to decipher a computer that would provide additional evidence linking him to what he was pleading guilty to?
>
> [COUNSEL]:  He contends that he had a right to see what was on that.
>
> THE COURT:  But he chose not to.  He chose to plead guilty without that evidence.  I don't know that anybody has a right to say, well—but correct me if I'm wrong, but it seems like you're saying that if somebody pleads guilty, the government cannot come up with any additional evidence. . . . .
>
> And you certainly, he certainly knew that at the time of—when he pled that there was going to be a contested sentencing about the loss amount and that the government was going to put in whatever amount, whatever evidence that it had.
>
> [COUNSEL]:  But he had no idea the extent of the relevant conduct until the government—
>
> THE COURT: Relevant conduct hasn't changed.  It's the proof of it.

The court eventually denied the motion, leaving Encev's plea intact.  As suspected, the contents of the hard drive would later shape his sentence.  Though Encev's criminal history category was only I, and his base offense level a mere six points, *see* U.S.S.G. § 2B1.1(a)(2), the district court adjusted his total offense level upward to 28 after finding that he was a leader or organizer of the fraud scheme, *see id.* § 3B1.1(a); that the amount of intended loss exceeded $400,000, *see id.* § 2B1.1(b)(1)(H); that the offense involved more than ten victims,

*see id.* § 2B1.1(b)(2)(A); and that Encev obstructed justice by lying about his finances, his employment history, and his attorney's representations to him, *see id.* § 3C1.1.

We agree with counsel that it would be frivolous to contest the denial of Encev's motion. A defendant has no absolute right to withdraw a guilty plea, though a court may permit withdrawal if the defendant provides a "fair and just" reason for doing so. *United States v. Bowlin*, 534 F.3d 654, 659 (7th Cir. 2008). Our review of that decision is deferential, and we reverse only for abuse of discretion. *See United States v. Bryant*, 557 F.3d 489, 495 (7th Cir. 2009). Notably, "the fact that a defendant underestimated his sentence when entering his plea is not a fair and just reason to permit him to withdraw that guilty plea." *Bowlin*, 534 F.3d at 660 (quotation marks and citation omitted). And that describes precisely Encev's potential challenge: he urged the district court to let him out of his guilty plea after learning that the government had uncovered evidence to support a longer sentence. Denying his request could not have been an abuse of discretion. All the more so because Encev knew, at the time of his guilty plea, that the government intended to seek a higher guidelines range.

Next counsel contemplates whether Encev could challenge, on confrontation grounds, the district court's admission at sentencing of hearsay testimony from a confidential informant. But, as counsel writes, the Confrontation Clause has no application to sentencing. *See United States v. Roche*, 415 F.3d 614, 618 (7th Cir. 2005). The question at sentencing is whether "the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *see United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008). To that end the government corroborated the confidential informant's testimony with heaps of physical evidence, the contents of the hard drive, and Encev's own recorded admissions. That is enough to withstand any challenge.

Counsel also considers various challenges to the guidelines calculations, but those, too, would be frivolous. The district court's loss calculation of more than $400,000 is well within "the realm of permissible computation," *see United States v. Mantas*, 274 F.3d 1127, 1131 (7th Cir. 2001), given the wealth of evidence tying Encev to stolen checks totaling approximately $539,433. Likewise, the court's finding that Encev was a leader or organizer under U.S.S.G. § 3B1.1(a) is unassailable. *See United States v. Fox*, 548 F.3d 523, 529-31 (7th Cir. 2009). The government offered as evidence recordings of Encev detailing the breadth of his criminal enterprise to his henchman. By employing others and paying them for their silence, he explained, "nobody will be able to touch me." Finally, Encev's points for obstruction of justice, *see* U.S.S.G. § 3C1.1, were well deserved; his attempts to mislead the court concerning the extent of his relevant conduct were legion. *See United States v. Scott*, 405 F.3d 615, 618 (7th Cir. 2005). So, too, would any challenge to the denial of a downward adjustment for acceptance of responsibility fail. A defendant who obstructs justice is, absent

exceptional circumstances, presumed not to have accepted responsibility. *See* U.S.S.G. § 3E1.1 cmt. n. 4; *United States v. Davis*, 442 F.3d 1003, 1009-10 (7th Cir. 2006).

Any challenge to the substantive reasonableness of Encev's sentence would come up short as well. *See Gall v. United States*, 128 S.Ct. 586, 596-97 (2007). His within-guidelines sentence is presumptively reasonable on appeal, *see Rita v. United States*, 127 S.Ct. 2456, 2462-64 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and we know of no reason why that presumption might be inappropriate here, nor does counsel.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.